Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Stephanie L. Silvano
Direct: +1 212.351.2680
Fax: +1 212.716.0780
SSilvano@gibsondunn.com

July 11, 2022

VIA ELECTRONIC FILING

Honorable Judge Zahid N. Quraishi
United States District Judge for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

Re:    *Owen v. Nestlé Healthcare Nutrition, Inc.*, Case No. 3:22-cv-02855-ZNQ-DEA

Dear Judge Quraishi,

In accordance with the Court's Judicial Preferences, Nestlé Healthcare Nutrition, Inc. respectfully requests a pre-motion conference in connection with its anticipated motion to transfer, or in the alternative to stay, under the first-filed rule.  An earlier-filed case involving nearly identical factual allegations, and overlapping putative class members with this action, is currently pending in the Northern District of California and has already decided an initial motion to dismiss.  On July 5, 2022, the Northern District of California granted Nestlé's motion to dismiss with leave to amend, and plaintiffs' amended complaint is due by August 2, 2022. Efficiency, comity, judicial economy, and the first-filed rule all counsel transferring (or staying) this action in favor of the first-filed action.

**I.    BRIEF RELEVANT FACTUAL BACKGROUND**

Nestlé sells a line of nutritional drinks called BOOST Glucose Control through various retailers, including grocery stores and Amazon.  Compl. ¶ 12.  Those drinks have lower amounts of sugar than other nutritional drinks, and the label explains that they are "Designed for People with Diabetes" and "Help[] Manage Blood Sugar."  *Id.* ¶ 15.

In December 2021, a group of plaintiffs sued Nestlé in the United States District Court for the Northern District of California on behalf of a putative class of all California and New York consumers who have bought BOOST Glucose Control drinks.  *Horti v. Nestlé Healthcare Nutrition, Inc.*, No. 4:21-cv-09812 (N.D. Cal.), Dkt. 1.  The *Horti* plaintiffs allege that the labels "trick[] reasonable consumers into believing that [the drinks] can prevent and treat diabetes." *Id.* ¶ 4.  The plaintiffs brought claims for violation of California and New York consumer-protection statutes, *id.* ¶¶ 74–148, breach of express warranty, *id.* ¶¶ 149–60, and unjust enrichment, *id.* ¶¶ 161–65.

Nestlé moved to dismiss the complaint in *Horti*, and on July 5, 2022, the court granted Nestlé's motion.  *Horti v. Nestlé Healthcare Nutrition, Inc.*, 2022 WL 2441560 (N.D. Cal. July 5, 2022). Among other things, the court reasoned that no reasonable consumer would believe "Boost

Glucose Control will on its own treat diabetes or maintain healthy glucose levels." The court gave plaintiffs until August 2, 2022, to file an amended complaint.

Nearly five months after the complaint in *Horti* was filed, and after the *Horti* motion to dismiss had been fully briefed, Owen sued Nestlé in this Court, making allegations that parroted the *Horti* claims. Just like the plaintiffs in *Horti*, Owen alleges that the labels on BOOST Glucose Control trick consumers into believing that the drinks "prevent, treat, and mitigate the effects of diabetes." *Id.* ¶ 1. Also like the plaintiffs in *Horti*, Owen has asserted claims for violation of consumer fraud laws (New Jersey's Consumer Fraud Act), *id.* ¶¶ 43–52, breach of express and implied warranty, *id.* ¶¶ 53–67, and unjust enrichment, *id.* ¶¶ 68–73, and he brings these claims on behalf of a nationwide class, which overlaps in part with the proposed New York and California class in *Horti*.

## II.   GROUNDS FOR TRANSFER OR STAY

Owen's copycat lawsuit calls for application of the first-filed rule, which states that, "when duplicative lawsuits are filed successively in two different federal courts, the court where the action was filed first has priority." *Chavez v. Dole Food Co., Inc.*, 836 F.3d 205, 210 (3d Cir. 2016). "If a second-filed court decides to invoke the rule, it . . . has the discretion to decide whether to stay, transfer, or dismiss the case before it." *Id.* "For the first-to-file rule to apply, there must be a 'substantial overlap' between the two actions, but the issues and parties involved need not be identical." *Hall v. Welch Foods, Inc.*, 2017 WL 4422418, at *5 (D.N.J. Oct. 5, 2017).

Owen's complaint substantially overlaps with the *Horti* complaint, and this Court should transfer (or, in the alternative, stay) Owen's complaint under the first-filed rule.

*First*, the two complaints cover the same subject matter. Owen's complaint and the *Horti* complaint share the same premise—that Nestlé supposedly deceived consumers into believing its BOOST drinks "prevent, treat, and mitigate the effects of diabetes." *E.g.*, Compl. ¶ 3; *Horti*, Dkt. 1 ¶ 4. Both complaints raise strikingly similar factual allegations, often using the exact same words. *Compare, e.g.*, Compl. ¶ 32 *with Horti*, Dkt. 1 ¶ 4. Other courts faced with a later-filed complaint that "contains nearly identical language to the [first-filed] complaint" have determined that transfer is appropriate under the first-filed rule. *Thompson v. Glob. Mktg. Rsch. Servs., Inc.*, 2016 WL 233702, at *3 (E.D. Pa. Jan. 20, 2016); *Catanese v. Unilever*, 774 F. Supp. 2d 684, 687 (D.N.J. 2011) (transferring because "the overlapping subject matter of these two actions cannot be denied with a straight face").

*Second*, the two complaints advance the same legal theories. Both Owen and the *Horti* plaintiffs bring claims for (1) breach of state consumer-protection statutes; (2) breach of warranty; and (3) unjust enrichment. Although *Horti* invokes California and New York consumer protection statutes and Owen invokes New Jersey's equivalent, courts in this district have held that the first-filed rule applies in the context of class actions that "seek to apply different state law" so long as the differences in the causes of action are not "material" and the underlying allegations are the

same. *Catanese*, 774 F. Supp. 2d at 687. Indeed, in *Hall*, the court invoked the first-filed rule to transfer a case alleging deceptive food labels under nearly identical circumstances, reasoning that, "[a]lthough the causes of action . . . arise under different state law (there, New York and California; here, New Jersey), the nature of the claims and issues, the relief sought, the products in question, and the defendants all substantially overlap." *Hall*, 2017 WL 4422418, at *5. The same is true here.

*Third*, the two complaints involve the same defendant and overlapping putative classes. Courts frequently apply the first-filed rule to duplicative class actions where, as here, "the singular defendant . . . is the same in both actions." *MacLean v. Wipro Ltd.*, 2020 WL 7090746, at *8 (D.N.J. Dec. 4, 2020). Similarly, courts apply the rule to duplicative class action claims even where the putative classes are not identical, so long as they "substantially overlap." *Hall*, 2017 WL 4422418 *5. Here, the plaintiffs in *Horti* seek to represent a class of all consumers in California and New York who purchased BOOST Glucose Control. Similarly, Owen seeks to represent a class of all consumers nationwide—including all consumers in California and New York—who purchased BOOST Glucose Control. Because the class Owen wants to represent includes all of the proposed class members in *Horti*, the plaintiffs in both cases are overlapping. Moreover, at least one court in the Third Circuit has applied the first-filed rule to transfer a duplicative complaint even where there was *no* overlap between the putative classes, reasoning that, "[d]espite the fact that the class definitions . . . differ, the subject matter of the two cases is substantially the same." *Thompson*, 2016 WL 233702, at *3.

*Finally*, transfer under the first-filed rule here would "avoid burdening the federal judiciary and . . . prevent the judicial embarrassment of conflicting judgments." *E.E.O.C. v. Univ. of Pennsylvania*, 850 F.2d 969, 977 (3d Cir. 1988). There is no reason for this Court to duplicate the efforts of its sister court in the Northern District of California. Avoiding parallel litigation also avoids any potential for conflicting rulings that would apply to the same putative class members.

In light of the above, Nestlé respectfully requests leave to file a motion to transfer or stay under the first-filed rule. Nestlé also respectfully requests that the Court toll its deadline to answer or otherwise respond to the complaint until 14 days after the Court's decision on that motion, as it is most efficient to respond to the complaint only after the issue of venue is set.

Respectfully submitted,

*Stephanie Silvano*

Stephanie L. Silvano

cc: All Counsel of Record (via CM/ECF)