

Kaplan Fox & Kilsheimer LLP
850 Third Avenue, 14th Floor
New York, NY 10022
Phone:  212.687.1980
Fax:  212.687.7714
Email:  mail@kaplanfox.com
www.kaplanfox.com

July 18, 2022

via CM/ECF

The Honorable Zahid N. Quraishi
United States District Judge
District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ  08608

      Re:    *Owen v. Nestle Healthcare Nutrition, Inc.*, Case No. 3:22-cv-02855-ZNQ-DEA
            (the "*Owen* Action")

Dear Judge Quraishi,

In accordance with the Court's Judicial Preferences, Plaintiff Steven Owen ("Plaintiff" or "Plaintiff Owen") responds to Nestlé Healthcare Nutrition, Inc.'s ("Defendant") July 11, 2022 letter ("Ltr.") requesting a pre-motion conference in connection with its anticipated motion to transfer, or in the alternative to stay this action, under the first-filed rule.

Defendant argues that because the action titled *Horti v. Nestlé Healthcare Nutrition, Inc.*, No. 4:21-cv-09812 (N.D. Cal.) (the "*Horti* Action") was filed first, the *Owen* Action must be transferred to the Northern District of California (notwithstanding the fact that said action was recently dismissed).  However, there are jurisdictional principles and pivotal differences between the *Horti* and *Owen* Actions that render the first-filed rule inapplicable. Even if the first-filed rule applied, transfer of the *Owen* Action to the Northern District of California would be inappropriate because Plaintiff Owen could never have brought his action there in the first instance. In short, Defendant's anticipated motion is nothing more than a transparent attempt to transfer this action to what it perceives to be a more favorable forum.

      **I.**      **There Are Pivotal Differences Between The *Horti* And *Owen* Actions**

Defendant argues that under the first-filed rule, the *Owen* Action must be transferred to the Northern District of California, where the *Horti* action was filed. However, "courts have consistently recognized that the first-filed rule "is not a rigid or inflexible rule to be mechanically applied." *E.E.O.C. v. Univ. of Pennsylvania*, 850 F.2d 969, 976 (3d Cir. 1988), *aff'd*, 493 U.S. 182, 110 S. Ct. 577 (1990) (internal quotations omitted). Furthermore, "[i]t is important [] that only truly duplicative proceedings be avoided. When the claims, parties, or requested relief differ, deference may not be appropriate." *Complaint of Bankers Tr. Co. v. Chatterjee*, 636 F.2d 37, 40 (3d Cir. 1980).



Defendant is wrong that the *Owen* Action is duplicative of the *Horti* Action.[1] Ltr. at 2-3. By *its own definition,* the *Horti* Action excludes Plaintiff Owen, as Plaintiffs there only plead California and New York classes. *Compare Horti* Action, SAC ¶ 64 (California and New York classes only) with Compl. ¶¶ 34-35 (Nationwide and New Jersey classes).[2] Should the *Horti* Action continue, Plaintiff Owen, a New Jersey resident, would be denied redress. Furthermore, the *Horti* Action is currently dismissed with leave to amend, and Plaintiff Owen is unaware of whether the plaintiffs there will amend.[3] Thus, if Defendant's argument were to prevail, Plaintiff Owen, a New Jersey citizen, would be faulted for seeking redress in a New Jersey Court under New Jersey consumer protection laws against a New Jersey based company.

Finally, the *Owen* Action does not run afoul of judicial economy or efficiency. In the less than 7 months since the *Horti* Action was filed in the Northern District of California, the court has had minimal involvement. Per the docket, there has been no discovery and the only involvement of the court with that case was the motion to dismiss where the application of New Jersey law, which has important distinctions with California and New York law, was never considered. *See Horti v. Nestlé Healthcare Nutrition, Inc.*, 2022 WL 2441560 (N.D. Cal. July 5, 2022).

## II.     The Owen Action Should Not Be Transferred Under § 1404(a)

Even if the Court determines the first-filed rule applies, "the Court must now determine whether to dismiss, stay, or transfer the current action. In doing so, the Court must consider the same factors applicable to a motion to transfer pursuant to § 1404(a)." *Wheaton Indus., Inc. v. Aalto Sci., Ltd.*, 2013 WL 4500321, at *3 (D.N.J. Aug. 21, 2013); *Chavez v. Dole Food Co., Inc.*, 836 F.3d 205, 220–21 (3d Cir. 2016) ("in the vast majority of cases" dismissal pursuant to the first-filed rule is abuse of discretion).

Section 1404(a) of Title 28 of the U.S. Code provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division *where it might have been brought*." 28 U.S.C. § 1404(a) (emphasis added). But Plaintiff Owen could not have brought his action in the Northern District of California. He is a New Jersey resident who has brought a cause of action under the New Jersey Consumer Fraud Act, based on facts that arose in New Jersey against a company headquartered in New Jersey. Simply put, there is no jurisdictional basis for his action to be anywhere but the District of New Jersey. And as stated above, Plaintiff Owen is excluded from the *Horti* Action. For this reason and those stated in Section I, a stay is also inappropriate and the *Owen* Action should be allowed to proceed in the District of New Jersey.

---

[1] While there are similarities between the Actions, there are substantial differences. Indeed, unlike the *Horti* Action, Plaintiff Owen alleges that he is a diagnosed diabetic, that he consumed the Products, and that the Products did not "control" his Glucose or "manage his blood sugar" as he expected it would given the Product's labeling. *Id.* ¶¶ 8-10.

[2] "Compl. ¶__" refers to Plaintiff Owen's Complaint filed in this action (Dkt. No. 1); "SAC ¶__" refers to the Second Amended Complaint filed in the *Horti* Action (Dkt. No. 11).

[3] The Court's dismissal order granted Plaintiffs in the *Horti* Action until August 2, 2022 to file an amended pleading to address deficiencies noted in the dismissal order.



Furthermore, "the burden of establishing the need for transfer...rests with the movant" and should only be granted where transfer would protect litigants, witnesses and the public against unnecessary inconvenience and expense. *Huang v. Sonus Networks, Inc.,* 2016 WL 1090436, at *2 (D.N.J. Mar. 21, 2016) (Wolfson, J.) (citing *Jumara v. State Farm Ins.*, 55 F.3d 873, 879 (3d Cir. 1995)). "Three factors must be considered when determining whether to grant a transfer under Section 1404(a): (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice." *Huang*, 2016 WL 1090436, at *2 (citing *Liggett Grp., Inc. v. R.J. Reynolds Tobacco Co.*, 102 F. Supp. 2d 518, 526 (D.N.J. 2000); *Jumara*, 55 F.3d at 879)). "These factors are not exclusive and must be applied in an individualized analysis...made on the unique facts presented in each case. The first two factors have been refined into a non-exhaustive list of private and public interests that courts should consider." *Id.* (internal quotations and citations omitted); *see Jumara*, 55 F.3d at 879-80.

Notably, several private interests weigh against transfer. Courts often give plaintiffs' choice of forum less deference when they choose a forum outside of their home or when they have no connection to the selected forum. *Lony v. E.I. Dupont de Nemours & Co.,* 886 F.2d 628, 633 (3d Cir. 1989); *Kelly-Brown v. Winfrey*, 2011 WL 5325596, at *3 (D.N.J. Nov. 3, 2011). Further, "where plaintiff's cause of action arises from strategic policy decisions of a defendant corporation, like here, the defendant's headquarters can be considered the place where events giving rise to the claim occurred." *Tang v. Eastman Kodak Co.*, 2021 WL 2155057, at *6 (D.N.J. May 27, 2021) (Wolfson, J.) (internal quotations omitted). As alleged, Defendant's headquarters and principal place of business are in this District and Defendant's "marketing, product labeling decisions, manufacturing, distribution, sales, and the wrongful conduct alleged herein emanates from Defendant's headquarters in this District." Compl. ¶11.

Likewise, public interests do not favor transfer. Judicial economy would be served by keeping the *Owen* action in this District, as discovery and trial in New Jersey would be substantially easier on Plaintiff, Defendant, and potential witnesses given they are located here. *Tang,* 2021 WL 2155057, at *9 (citing *Fink on behalf of Nation Safe Drivers Emp. Stock Ownership Plan v. Wilmington Tr., N.A.*, 473 F. Supp. 3d 366, 376 (D. Del. 2020)). Transfer is also inappropriate because "the burden of jury duty ought not to be imposed upon the people of a community which have no relation to the litigation." *Ricoh Co., Ltd. v. Honeywell, Inc.*, 817 F. Supp. 486 (D.N.J. 1993); *In re Exxon Mobil Corp. Derivative Litig.*, 2020 WL 5525537, at *4 (D.N.J. Sept. 15, 2020). In fact, the citizens of New Jersey have a greater interest in this action because it involves a New Jersey plaintiff and defendant as well as the application of New Jersey law. *Id.*

For the above reasons, Plaintiff respectfully disagrees that the Owen Action should be transferred or stayed. Plaintiff looks forward to fully briefing these issues should the Court require it.

                        Respectfully submitted,

                        /s/ *Joel B. Strauss*
                        Joel B. Strauss

                        *Counsel for Plaintiff Steven Owen and*
                        *the Proposed Class*

cc:  All Counsel of Record (via CM/ECF)