

Kaplan Fox & Kilsheimer LLP
850 Third Avenue, 14th Floor
New York, NY 10022
Phone:  212.687.1980
Fax:  212.687.7714
Email:  jstrauss@kaplanfox.com
www.kaplanfox.com

August 12, 2022

Via CM/ECF

The Honorable Zahid N. Quraishi
United States District Judge
District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ  08608

      Re:    *Owen v. Nestle Healthcare Nutrition, Inc.;* Case No. 3:22-cv-02855-ZNQ-DEA (the "*Owen* Action")

Dear Judge Quraishi:

In accordance with the Court's Judicial Preferences, Plaintiff Steven Owen ("Plaintiff" or "Plaintiff Owen") responds to Nestlé Healthcare Nutrition, Inc.'s ("Defendant") August 5, 2022 letter ("Ltr.") requesting a pre-motion conference in connection with its anticipated motion to dismiss (Dkt # 13).

Not surprisingly, Defendant cites to and relies heavily on the Court's decision in the action titled *Horti, et. al. v. Nestlé Healthcare Nutrition, Inc.*, No. 4:21-cv-09812 (N.D. Cal.) (the "*Horti* Action") in which the Court granted Defendant's motion to dismiss, albeit with leave to amend. See *Horti v. Nestle Healthcare Nutrition, Inc.*, 2022 WL 2441560 (N.D. Cal. July 5, 2022). [1]

**There Are Pivotal Differences Between The *Horti* And *Owen* Actions**

While it is true that both the *Horti* Action and the *Owen* Action concern allegations of misrepresentations relating to Defendant's BOOST Glucose Control products, there are important distinctions between the allegations made by plaintiffs in the complaint dismissed in the *Horti* Action (and the causes of action asserted by Plaintiffs in that action) and the allegations and causes of action asserted by Plaintiff Owen in the *Owen* Action filed in this Court.

Indeed, plaintiffs in the *Horti* Action asserted claims for violations of various California and New York consumer protection statutes (among other common law claims) and alleged only California and New York classes. Moreover, in the *Horti* Action not only did Plaintiffs specifically allege

---

[1] Plaintiffs in the *Horti* Action filed their Third Amended Complaint on August 1, 2022 and, pursuant to Court Order in that action, Defendant must file its motion to dismiss said complaint by August 29, 2022, with Plaintiffs having a deadline of September 26, 2022 to oppose such motion and Defendant's reply is due by October 10, 2022. A hearing date for Defendant's motion is currently set for October 27, 2022.

*NEW YORK, NY*         *LOS ANGELES, CA*         *SAN FRANCISCO, CA*

*MORRISTOWN, NJ*         *CHICAGO, IL*

The Honorable Zahid N. Quraishi
August 12, 2022
Page 2



that the BOOST Glucose Control product labeling "tricks reasonable consumers into believing that it can ***prevent and treat diabetes***"[2] but the complaint dismissed there also fails to indicate whether the plaintiffs consumed the products, what, if anything, happened to them after they consumed the products and failed to allege whether any of the plaintiffs were diabetic. These were all apparently issues that lead the Court in the *Horti* Action to dismiss the complaint. *See Horti*, 2022 WL 2441560, at ** 1,7-8.

Importantly, unlike in *Horti,* Plaintiff Owen seeks a nationwide class (or in the alternative a New Jersey subclass) brought for violation of the New Jersey Consumer Fraud Act ("NJCFA") (among other common law claims) and he does not allege that he or other consumers believed that Defendant's products could prevent or treat diabetes. Rather, based on the product's labeling, Owen alleged that he expected the product would help manage his blood sugar and control his glucose levels. He further alleged that he is a diabetic who consumed the product and that the product did not work as he expected given the product's labeling. *See* Complaint at ¶¶ 8-10. (Dkt. #1).[3]

Plaintiff Owen takes issue with many other assertions made by Defendant in its August 5 letter. And, for the above reasons, among others, Plaintiff respectfully disagrees that the *Owen* Action should be dismissed and is prepared to fully brief the issue should the Court so require.

Plaintiff also acknowledges that per Your Honor's Text Order of August 3, 2022 (Dkt. # 12), Defendant is to file its motion to transfer or stay this action by today, August 12, and that Defendant has requested that Your Honor stay the briefing concerning Nestle's anticipated motion to dismiss until a ruling on such motion. Plaintiff believes Nestle's motion to transfer or stay is without merit and will file a brief in opposition to such motion. And, while Plaintiff will obviously defer to the Court's preference concerning the scheduling of briefing relating to Nestle's anticipated motion to dismiss, we respectfully believe that there should be no stay concerning this matter.

Respectfully submitted,

/s/ Joel B. Strauss
Joel B. Strauss

*Counsel for Plaintiff Steven Owen and the Proposed Class*

cc: All Counsel of Record (via CM/ECF)

---

[2] See Second Amended Complaint in *Horti* Action at ¶4 (Dkt. #11)(emphasis added)
[3] Citing to ¶9 of Owen's complaint, Defendant wrongly asserts that Owen "alleges that he drank BOOST hoping that it would ***prevent or treat his diabetes…***" Ltr. at 2. (emphasis added)