**KAPLAN FOX & KILSHEIMER LLP**
William J. Pinilis
160 Morris Street
Morristown, NJ 07960
Telephone: 973-656-0222
Email: *wpinilis@kaplanfox.com*

**KAPLAN FOX & KILSHEIMER LLP**
Joel B. Strauss
850 Third Avenue
New York, NY  10022
Telephone: 212-687-1980
Email: *jstrauss@kaplanfox.com*

*[Additional Counsel Appear on Signature Page]*

*Attorneys for Plaintiff Steven Owen*
 *and the Proposed Class*

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEVEN OWEN, individually, and on behalf of all others similarly situated, | Civil Case No. 3:22-cv-02855-ZNQ-DEA |
| Plaintiff, | Document Electronically Filed |
| v. | MOTION DAY: September 6, 2022 |
| NESTLE HEALTHCARE NUTRITION, INC., | |
| Defendant. | |

**PLAINTIFF STEVEN OWEN'S OPPOSITION TO MOTION TO
TRANSFER OR STAY UNDER THE FIRST-FILED RULE**

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ........................................................... 1

II.   RELEVANT FACTUAL AND PROCEDURAL BACKGROUND ............ 2

III.  ARGUMENT ................................................................ 4

    A.   The First-Filed Rule Is Discretionary And Should Not Apply ........... 4

        1.   There Are Pivotal Differences Between The *Horti* And
            *Owen* Actions ............................................................ 6

        2.   Forum Shopping Is A Basis For Departure From The
            First-Filed Rule ......................................................... 7

    B.   The *Owen* Action Should Not Be Transferred Under §1404(a) ........ 9

        1.   Private Interests Do Not Favor Transfer ................................. 12

        2.   Public Interests Do Not Favor Transfer .................................. 14

IV.   THIS ACTION SHOULD NOT BE STAYED ......................................... 15

V.    CONCLUSION .......................................................... 16

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allianz Life Ins. Co. of N. Am. v. Est. of Bleich*,
   No. 08–cv–668 (SDW–MCA), 2008 WL 4852683 (D.N.J. Nov. 6, 2008) ......... 5

*Chavez v. Dole Food Co., Inc.*,
   836 F.3d 205 (3d Cir. 2016) ................................................................... 9

*Clark v. Burger King Corp.*,
   255 F. Supp. 2d 334 (D.N.J. 2003) ....................................................... 8

*Complaint of Bankers Tr. Co. v. Chatterjee*,
   636 F.2d 37 (3d Cir. 1980) ................................................................... 5

*Devorris v. Cummings Inc.*,
   No. 3:2006-183, 2007 WL 1875816 (W.D. Pa. June 26, 2007) ...................... 10

*E.E.O.C. v. Univ. of Pennsylvania*,
   850 F.2d 969 (3d Cir. 1988), *aff'd,* 493 U.S. 182, 110 S. Ct. 577,
   107 L. Ed. 2d 571 (1990) .............................................................. 5, 6, 7

*Ethicon, Inc. v. Randall*,
   No. 3:20-cv-13524 (BRM) (ZNQ), 2021 WL 2206106 (D.N.J.
   May 28, 2021), *reconsideration denied*, 2021 WL 3144702
   (D.N.J. July 26, 2021) ........................................................................ 9

*Gibbs v. Haynes Invs., LLC*,
   368 F. Supp. 3d 901 (E.D. Va. 2019), *aff'd*, 967 F.3d 332 (4th
   Cir. 2020) ........................................................................... 5, 10, 11

*Horti v. Nestlé Healthcare Nutrition, Inc.*,
   No. 21-cv-09812-PJH, 2022 WL 2441560 (N.D. Cal. July 5, 2022) ............. 3, 7

*Huang v. Sonus Networks, Inc.*,
   No. 15-2407 (FLW) (LHG), 2016 WL 1090436 (D.N.J.
   Mar. 21, 2016) ..................................................................... 11, 12, 14

*In re Exxon Mobil Corp. Derivative Litig.*,
   No. 2:19-CV-16380-ES-SCM, 2020 WL 5525537 (D.N.J. Sept. 15, 2020) ..... 15

*Ivy-Dry, Inc. v. Zanfel Labs., Inc.*,
   No. 08–4942 (WHW), 2009 WL 1851028 (D.N.J. June 24, 2009) .................. 10

# TABLE OF AUTHORITIES

**Page(s)**

*Jubelt v. United N. Bankers, Ltd.*,
  No. 13–7150 (ES)(MAH), 2015 WL 3970227 (D.N.J. June 30, 2015) ............ 15

*Jumara v. State Farm Ins.*,
  55 F.3d 873 (3d Cir. 1995) .......................................................................... 12, 14

*Kelly-Brown v. Winfrey*,
  No. 11–4360 (SRC), 2011 WL 5325596 (D.N.J. Nov. 3, 2011) ...................... 13

*Lony v. E.I. Dupont de Nemours & Co.*,
  886 F.2d 628 (3d Cir. 1989) ............................................................................ 13

*Ricoh Co., Ltd. v. Honeywell, Inc.*,
  817 F. Supp. 473 (D.N.J. 1993) ...................................................................... 15

*Tang v. Eastman Kodak Co.*,
  No. 3:20-cv-10462-FLW-ZNQ, 2021 WL 2155057 (D.N.J.
  May 27, 2021) ............................................................................................ 13, 14

*Wheaton Indus., Inc. v. Aalto Sci., Ltd.*,
  No. 12–6965 (RMB/JS), 2013 WL 4500321 (D.N.J. Aug. 21, 2013) ................. 9

**Statutes**

28 United States Code
  Section 1404(a) ................................................................................. 1, 10, 12, 14

N.J.S.A.,
  56:8-2 *et seq.* (the "New Jersey Consumer Fraud Act ["NJCFA"]).......... 4, 6, 11

I.   **INTRODUCTION**

Plaintiff Steve Owen, a New Jersey resident, could not have properly sued Nestlé Healthcare Nutrition, Inc. ("Defendant" or "Nestle"), a New Jersey-headquartered corporation, in the Northern District of California, even if he wanted to. Yet, Nestle argues that the action filed against it in this Court (the "*Owen* Action") must be transferred under the "First-Filed" rule to the Northern District of California where the action titled *Horti v. Nestlé Healthcare Nutrition, Inc.*, No. 4:21-cv-09812-PJH (N.D. Cal.) (the "*Horti* Action") is currently pending before Judge Phyllis Hamilton. There are, however, key differences between the *Horti* and *Owen* Actions that render the first-filed rule, which is *discretionary* in any event, inapplicable here.

Moreover, even if the first-filed rule applied, courts in the Third Circuit must still consider the Section 1404(a) factors. Under these factors, transfer of the *Owen* Action to the Northern District of California would be inappropriate for the reasons set forth below, not the least of which is that Plaintiff Owen could not have brought his action there in the first instance. Nestle requests the Court employ the first-filed rule in a manner that impermissibly ignores basic jurisdictional principles to transfer the Action to a Court this case could not have been brought in.

## II.   RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The *Horti* Action was commenced on December 20, 2021 with the filing that day of an initial complaint and an amended complaint. These complaints were followed by the filing, pursuant to stipulation among the parties, of a Second Amended Class Action Complaint on February 4, 2022 (the "SAC").[1] Similar to the *Owen* Action, the plaintiffs in the *Horti* Action essentially allege that labeling on Defendant's BOOST Glucose Control product line is false and misleading. However, unlike Plaintiff Owen, in their SAC the Horti plaintiffs alleged that the "Products are mislabeled, and tricks reasonable consumers into believing that it can **prevent and treat** diabetes." *See* SAC ¶ 4. (emphasis added). Moreover, in their SAC, the Horti plaintiffs alleged that they sought certification of only a class of all persons in California who purchased the products and a class of all persons in New York who purchased the products (SAC ¶ 64) alleging violations of the consumer protection laws of only those two states, as well as violation by Defendant of a Breach of Express Warranty and an Unjust Enrichment claim against Defendant on behalf of California and New York consumers who purchased the products.

---

[1] *See Horti* Action at Docket # 11.

- 2 -

Defendant filed a motion to dismiss the SAC on April 6, 2022. Opposition and reply briefs were filed, respectively, on April 20 and May 4, 2022. Judge Hamilton heard oral argument on the motion on June 9, 2022 and issued an Order dated July 5, 2022 granting Defendant's motion to dismiss and granting Plaintiffs leave to amend. *Horti v. Nestlé Healthcare Nutrition, Inc.*, No. 21-cv-09812-PJH, 2022 WL 2441560 (N.D. Cal. July 5, 2022).

Plaintiffs in the *Horti* Action filed a Third Amended Class Action Complaint on August 1, 2022 (the "TAC").[2] Per Court Order, Nestle is scheduled to file its motion to dismiss the TAC on August 29, 2022, with opposition and reply briefs to be filed on September 26 and October 10, 2022, respectively, with a hearing scheduled for October 27, 2022.

Importantly, the TAC filed in the *Horti* Action, like the SAC, only asserts claims on behalf of California and New York classes of consumers under those states' respective consumer protection laws. And, although the TAC continues to assert an Unjust Enrichment claim on behalf of California and New York classes, it does not, as did the SAC, assert a Breach of Express Warranty claim.

---

[2] *See Horti* Action, Dkt. # 29. A copy of the TAC is also attached as Exhibit A to the Declaration of Stephanie L. Silvano in Support of Defendant's Motion to Transfer or Stay. (Dkt. # 15-3).

Beyond ruling on the motion to dismiss described above, it does not appear that the Court in the *Horti* Action, has had any involvement in the case. Moreover, it does not appear that any discovery has taken place in the case or that the Court in the *Horti* Action has conducted any conferences with the parties.

In contrast, the *Owen* Action was filed in this Court on May 16, 2022 and asserts broader claims on behalf of a far broader class: it asserts claims on behalf of Owen and a nationwide class and a New Jersey subclass for Defendant's violation of the New Jersey Consumer Fraud Act ("NJCFA"), as well as its Breaches of its Express Warranty and Implied Warranty of Merchantability and for Unjust Enrichment. Compl. ¶¶ 34, 35, 43-73.[3]

## III.   ARGUMENT

### A.   The First-Filed Rule Is Discretionary And Should Not Apply

Defendant argues that under the first-filed rule, the *Owen* action *must* be transferred to the Northern District of California, where the *Horti* action was first filed. Mot. at 3-4.[4] However, application of the first-filed rule is

---

[3] "Compl. ¶ __" refers to a paragraph in the complaint filed by Owen (Dkt. #1).

[4] "Mot at __" refers to Defendant's Memorandum of Law in Support of its Motion to Transfer or Stay Under the First-Filed Rule.

discretionary, and its application in this instance would be inequitable for the reasons described below. *E.E.O.C. v. Univ. of Pennsylvania*, 850 F.2d 969, 972 (3d Cir. 1988), *aff'd,* 493 U.S. 182, 110 S. Ct. 577, 107 L. Ed. 2d 571 (1990) ("District courts have always had discretion to retain jurisdiction given appropriate circumstances justifying departure from the first-filed rule."); *Gibbs v. Haynes Invs., LLC*, 368 F. Supp. 3d 901, 918 (E.D. Va. 2019), *aff'd,* 967 F.3d 332 (4th Cir. 2020) ("even in circumstances where the first-to-file would suggest transfer, the decision to invoke the rule is an equitable determination that is made on a case-by-case, discretionary basis.") (internal quotations omitted); *Allianz Life Ins. Co. of N. Am. v. Est. of Bleich*, No. 08–cv–668 (SDW–MCA), 2008 WL 4852683, at *3 (D.N.J. Nov. 7, 2008) (citing *Hammett v. Warner Bros. Pictures* 176 F.2d 145, 150 (3d Cir. 1949); *Kerotest Mfg. Co. v. C–O–Two Fire Equipment Co.* 189 F.2d 31, 34–35 (3d Cir. 1951) ("this Court is mindful that the first-to-file rule 'is not to be applied in a mechanical way regardless of other considerations.'")). Furthermore, "[i]t is important [] that only truly duplicative proceedings be avoided. When the claims, parties, or requested relief differ, deference may not be appropriate." *Complaint of Bankers Tr. Co. v. Chatterjee*, 636 F.2d 37, 40 (3d Cir. 1980).

1.      **There Are Pivotal Differences Between The *Horti* And *Owen* Actions**

Defendant argues that the first-filed rule's "primary purpose is to avoid burdening the federal judiciary and to prevent the judicial embarrassment of conflicting judgments." *E.E.O.C.*, 850 F.2d 969 at 977; Mot. at 3. However, because claims asserted in the *Owen* Action are not duplicative of the *Horti* Action, retaining jurisdiction of the *Owen* Action would not and could not result in conflicting judgments.

First, the *Owen* and *Horti* classes do not overlap. Indeed, as noted above, the *Horti* Action only asserts claims on behalf of California and New York consumers and excludes the claims of New Jersey consumers (and all other consumers nationwide) such as Plaintiff Owen's under the New Jersey Consumer Fraud Act, as well as Owen's claims and those he seeks to represent for Defendant's Breach of Express Warranty and Breach of its Implied Warranty of Merchantability. *Compare Horti* Action, SAC ¶ 64 (California and New York classes only); TAC ¶ 79 with Compl. ¶¶ 34-35 (Nationwide and New Jersey classes). Furthermore, in ruling on the SAC in the *Horti* Action, Judge Hamilton did not have to consider application of NJCFA. And, while she briefly considered a claim for Defendant's Breach of Express Warranty under **California** law, (as opposed to under New Jersey law) because such claims were not asserted in the SAC, she never had to consider

the propriety of claims for Defendant's Breach of its Implied Warranty of Merchantability.  *See Horti* 2022 WL 2441560. Moreover, and as set forth above, because the TAC filed in the *Horti* Action only asserts claims on behalf of California and New York consumers for alleged violations of those states' respective consumer protection laws, as well as an alternative Unjust Enrichment claim on behalf of consumers of those two states only,[5] there is no chance of the Court in the *Horti* Action issuing a ruling in connection with Defendant's upcoming motion to dismiss the TAC in that case that could or would conflict in any way with any ruling this Court may ultimately issue in connection with Defendant's yet to be filed motion to dismiss.

### 2.   Forum Shopping Is A Basis For Departure From The First-Filed Rule

"[F]orum shopping ha[s] always been regarded as proper bases for departing from the [first-filed] rule." *E.E.O.C.*, 850 F.2d at 976. Defendant argues that "it simply seeks to avoid having to litigate the same issues in two different courts[,]" but that is disingenuous. Mot. at 10. As stated above, Judge Hamilton never considered, nor will ever have to consider, the application of New Jersey law and other claims brought by Plaintiff Owen, and Plaintiff

---

[5] It appears that plaintiffs in the *Horti* Action have dropped their Breach of Express Warranty claim from their TAC. *See* TAC at *Horti* Action, Dkt. # 29.

Owen could never have brought his action in the Northern District of California in the first instance.

Defendant cites *Clark v. Burger King Corp.*, 255 F. Supp. 2d 334, 337 (D.N.J. 2003) for the proposition that Plaintiff Owen could have brought his action in California since Nestle does business in California. Mot. at 12. However, *Clark* is of no consequence. There, the defendants moved to transfer an action filed by plaintiffs in the District of New Jersey to the Southern District of Florida. *Clark*, 255 F. Supp. At 339-40. The court denied defendant's motion to transfer even though defendant was headquartered in the Southern District of Florida, reasoning that because "the alleged acts that gave rise to this action occurred in the District of New Jersey [] the case should be tried here." *Id.* At 340.

Finally, while Nestle feigns concern over conservation of judicial resources, the facts and timing of its motion suggest a more self-serving motivation; namely, to get this case before the Court in California which recently dismissed the *Horti* Action in the hopes that such Court would ultimately rule similarly with respect to this case. Indeed, Nestle first raised with Plaintiff Owen's counsel the issue of transfer of this action by email on July 5, 2022 and with this Court by way of its pre-motion letter on July 11, 2022 (Dkt. # 9) – long after the May 16, 2022 filing of the *Owen* Action in

this Court[6] and the June 9, 2022 hearing held by Judge Hamilton on Defendant's motion to dismiss the *Horti* Action. If Defendant was truly concerned with conservation of judicial resources, it could have raised the issue of transfer earlier with this Court and/or the Court in California.

### B.   The Owen Action Should Not Be Transferred Under §1404(a)

Even if the Court determines the first-filed rule applies, "the Court must now determine whether to dismiss, stay, or transfer the current action. In doing so, the Court must consider the same factors applicable to a motion to transfer pursuant to § 1404(a)." *Wheaton Indus., Inc. v. Aalto Sci., Ltd.*, No. 12–6965 (RMB/JS), 2013 WL 4500321, at *3 (D.N.J. Aug. 21, 2013); *Chavez v. Dole Food Co., Inc.*, 836 F.3d 205, 220-21 (3d Cir. 2016) ("in the vast majority of cases" dismissal pursuant to the first-to-file rule is potential abuse of discretion).

Contrary to Defendant's arguments, courts in the Third Circuit have held that "[t]he first-filed rule is not a hard-and-fast rule; rather, the Section 1404 factors must also be considered." *See* Mot. at 11; *Ethicon, Inc. v. Randall*, No. 3:20-cv-13524 (BRM) (ZNQ), 2021 WL 2206106, at *10

---

[6] Nestle certainly knew about the *Owen* Action by at least May 24, 2022, if not earlier. *See* Waiver of Service (Dkt. # 6).

(D.N.J. May 28, 2021), *reconsideration denied*, 2021 WL 3144702 (D.N.J. July 26, 2021) (quoting *In re Complaint of Weeks Marine, Inc.*, 2016 WL 3410166, at \*3 (D.N.J. June 14, 2016)); *see also Ivy-Dry, Inc. v. Zanfel Labs., Inc.*, No. 08–4942 (WHW), 2009 WL 1851028, at \*3 (D.N.J. June 24, 2009) ("In addition to the first-filed rule, on a motion to transfer or dismiss, a court must take into account the same factors as those used in a motion to transfer pursuant to 28 U.S.C. § 1404(a)."); *Devorris v. Cummings Inc.*, No. 3:2006-183, 2007 WL 1875816, at \*7 (W.D. Pa. June 26, 2007) (citing *Zimmer Enters., Inc. v. Atlandia Imps., Inc.*, 478 F. Supp. 2d 983, 989–90 (S.D. Ohio 2007)) ("[A] finding that the first-filed rule is applicable does not preclude a transfer to the forum where the second action was filed. The inquiries are separate and distinct, and the former does not control the latter."). Therefore, before making the final decision on the motion to transfer, the Court must conduct a Section 1404(a) analysis.

Section 1404(a) of Title 28 of the U.S. Code provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division *where it might have been brought*." 28 U.S.C. § 1404(a) (emphasis added); *Gibbs*, 368 F. Supp. 3d at 918 ("a court must first consider whether the plaintiff could have brought the action in the transferee forum") (internal quotations

omitted). In *Gibbs*, the court held that "it seems unlikely that Plaintiffs could have brought this case in the District of Vermont" when Plaintiffs' claims stemmed from acts that took place in Virginia. *Gibbs*, 368 F. Supp. 3d at 918-19. The court noted that Plaintiffs' complaint "would not have established Defendants' minimum contacts with Vermont to satisfy the strictures of due process" and that Defendants failed to adequately respond to these concerns. *Id.* Similarly, Plaintiff Owen could not have brought his action in the Northern District of California. He is a New Jersey resident who has brought a cause of action under the New Jersey Consumer Fraud Act, based on facts that arose in New Jersey against a company headquartered in New Jersey. Simply put, there is no jurisdictional basis for his action to be anywhere but the District of New Jersey. And as outlined above, Plaintiff Owen and nearly all of those he seeks to represent are excluded from the action brought in the Northern District of California.

Furthermore, "the burden of establishing the need for transfer...rests with the movant" and should only be granted where transfer would protect litigants, witnesses and the public against unnecessary inconvenience and expense. *Huang v. Sonus Networks, Inc.,* No. 15-2407 (FLW) (LHG), 2016 WL 1090436, at *2 (D.N.J. Mar. 21, 2016) (Wolfson, C.J.) (citing *Jumara v. State Farm Ins.*, 55 F.3d 873, 879 (3d Cir. 1995)). "Three factors must be

considered when determining whether to grant a transfer under Section 1404(a): (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice." *Huang*, 2016 WL 1090436, at *2 (citing *Liggett Grp., Inc. v. R.J. Reynolds Tobacco Co.*, 102 F. Supp. 2d 518, 526 (D.N.J. 2000); *Jumara*, 55 F.3d at 879)). "These factors are not exclusive, and must be applied in an individualized analysis...made on the unique facts presented in each case. The first two factors have been refined into a non-exhaustive list of private and public interests that courts should consider." *Id.* (internal quotations and citations omitted); *see Jumara*, 55 F.3d at 879-80.

### 1.   <u>Private Interests Do Not Favor Transfer</u>

Under Section 1404(a), the private interests a court should consider include:

> (1) plaintiff's forum preference as manifested in the original choice; (2) the defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses-but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

*Huang*, 2016 WL 1090436, at *2 (citing *Danka Funding LLC v. Page, Scranton, Sprouse, Tucker & Ford, P.C.*, 21 F. Supp. 2d 465, 474 (D.N.J.

1998)). Here, the private interest factors weigh against transfer. Courts often give plaintiffs' choice of forum less deference when they choose a forum outside of their home or when they have no connection to the selected forum. *Lony v. E.I. Dupont de Nemours & Co.*, 886 F.2d 628, 633 (3d Cir. 1989); *Kelly-Brown v. Winfrey*, No. 11–4360 (SRC), 2011 WL 5325596, at *3 (D.N.J. Nov. 3, 2011). Clearly that is not the case here as Owen is a resident of New Jersey and bought and consumed the product in New Jersey.

Further, "in the context of claims based on misrepresentations or omissions," as in this action, "the misrepresentations and omissions are deemed to occur in the district where they were transmitted or withheld, not where they are received." *Tang v. Eastman Kodak Co.*, No. 3:20-cv-10462-FLW-ZNQ, 2021 WL 2155057, at *6 (D.N.J. May 27, 2021) (Wolfson, C.J.) (citing *Kerik v. Tacopina,* No. 14-488, 2014 WL 1340038, at *5 (D.N.J. Apr. 3, 2014)). "And where plaintiff's cause of action arises from strategic policy decisions of a defendant corporation, like here, the defendant's headquarters [in the District of New Jersey] can be considered the place where events giving rise to the claim occurred." *Id.* (internal quotations omitted). *See, e.g.*, Compl. ¶ 11 (alleging that "Defendant's marketing, product labeling decisions, manufacturing, distribution, sales and wrongful conduct alleged herein emanates from defendant's headquarters in this District.").

- 13 -

Finally, courts consider witness convenience and the "location of books and records." *Jumara*, 55 F.3d at 879. These factors likewise weigh against transfer as Plaintiff Owen lives in this District and Defendant's headquarters, where it is likely the "books and records" are kept, is in this District.

### 2.    Public Interests Do Not Favor Transfer

Under Section 1404, the public interests a court should consider include:

> (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases.

*Huang*, 2016 WL 1090436, at *3 (citing *Danka Funding*, 21 F. Supp. 2d at 474). Judicial economy would be served by keeping the *Owen* action in this District, as trial would be substantially easier on Plaintiff, Defendant, and potential witnesses given they are located here. *Tang,* 2021 WL 2155057, at *9 (citing *Fink on behalf of Nation Safe Drivers Emp. Stock Ownership Plan v. Wilmington Tr., N.A.*, 473 F. Supp. 3d 366, 376 (D. Del. 2020) ("Plaintiff and all the Individual Defendants reside in the Southern District of Florida. The parties have represented that there are witnesses and

documentary evidence in the Southern District of Florida. Thus, this factor weighs in favor of transfer.")).

Finally, the case should not be transferred to the Northern District of California because "[t]he burden of jury duty ought not to be imposed upon the people of a community which have no relation to the litigation." *Ricoh Co., Ltd. v. Honeywell, Inc.*, 817 F. Supp. 473, 486 (D.N.J. 1993) (internal quotations and citations omitted); *In re Exxon Mobil Corp. Derivative Litig.*, No. 2:19-CV-16380-ES-SCM, 2020 WL 5525537, at *4 (D.N.J. Sept. 15, 2020) ("New Jersey jurors should not be burdened with adjudicating a matter concerning decisions and/or conduct which occurred almost exclusively outside the State of New Jersey."). In fact, the citizens of New Jersey have a greater interest in this action because it involves a New Jersey plaintiff and defendant as well as the application of New Jersey law. *Id.*; *Jubelt v. United N. Bankers, Ltd.*, No. 13–7150 (ES)(MAH), 2015 WL 3970227, at *5 (D.N.J. June 30, 2015) ("The NJCFA is intended to be applied broadly in order to accomplish its remedial purpose-namely, to root out consumer fraud-and therefore it is liberally construed in favor of the consumer.").

## IV.   <u>THIS ACTION SHOULD NOT BE STAYED</u>

In the event this Court does not grant Defendant's motion to transfer, it asks that the Court stay this action pending a ruling by the Court in California

on Defendant's upcoming motion to dismiss the TAC. Mot. at 13. For the same reasons outlined above for this Court not granting Defendant's motion to transfer, Plaintiff Owen respectfully asserts that this action should not be stayed. Indeed, as noted above, the classes and claims asserted in the *Horti* Action are different than those asserted by Owen in his action filed in this Court. Accordingly, there is no reason to further delay the prosecution of this case by awaiting any decision by the Court in California.

## V.    <u>CONCLUSION</u>

For the reasons set forth above, Plaintiff respectfully requests the Court deny in its entirety Defendant's Motion to transfer or stay this Action.

Respectfully submitted,

**KAPLAN FOX & KILSHEIMER LLP**

DATED: August 23, 2022

By:   /s/ *Joel B. Strauss*
        Joel B. Strauss

850 Third Avenue
New York, NY 10022
Tel. 212-687-1980
Email: *jstrauss@kaplanfox.com*

**KAPLAN FOX & KILSHEIMER LLP**
William J. Pinilis
160 Morris Street
Morristown, NJ 07960
Tel. 973-656-0222
Email: *wpinilis@kaplanfox.com*

**KAPLAN FOX & KILSHEIMER LLP**
Laurence D. King*
Matthew B. George*
Blair E. Reed*
1999 Harrison Street, Suite 1560
Oakland, CA 94612
Tel. 415-772-4700
Email: *lking@kaplanfox.com*
          *mgeorge@kaplanfox.com*
          *breed@kaplanfox.com*

**KUZYK LAW, LLP**
Michael D. Braun*
1999 Avenue of the Stars, Ste. 1100
Los Angeles, CA 90067
Tel. 213-401-4100
Email: *mdb@kuzykclassactions.com*

**THE ROTHENBERG LAW FIRM LLP**
Ross B. Rothenberg
450 7th Avenue, 44th Floor
New York, NY 10123
Tel. 212-563-0100
Email: *ross@injurylawyer.com*

*Attorneys for Plaintiff Steven Owen and the Proposed Class*

**Pro hac vice* pending