STEPHANIE L. SILVANO (Bar No. 168182016)
ssilvano@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue, 47th Floor
New York, New York 10166
Telephone:  212.351.4000

TIMOTHY W. LOOSE (*pro hac vice pending*)
tloose@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone:  213.229.7746

*Attorneys for Defendant Nestlé Healthcare Nutrition, Inc.*

Motion Day: September 6, 2022

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEVEN OWEN, individually, and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>NESTLÉ HEALTHCARE NUTRITION, INC.,<br><br>　　　　　　Defendant. | Civil Action No.<br>3:22-cv-02855-ZNQ-DEA<br><br>Document Electronically Filed<br><br>MOTION DAY: September 6, 2022<br><br>ORAL ARGUMENT REQUESTED |

### DEFENDANT NESTLÉ HEALTHCARE NUTRITION, INC.'S
### REPLY IN SUPPORT OF ITS MOTION TO TRANSFER OR STAY
### UNDER THE FIRST-FILED RULE

## TABLE OF CONTENTS

Page

I. INTRODUCTION ...................................................................................................................1

II. ARGUMENT .........................................................................................................................2

      A. The First-Filed Rule Applies. ...................................................................................2

      B. Transfer Is the Most Appropriate Remedy in This Case. .........................................6

      C. In the Alternative, the Court Should Stay This Action. .........................................10

III. CONCLUSION....................................................................................................................10

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Am. Inst. for History Educ., LLC v. E–Learning Sys. Int'l LLC*,
   2010 WL 4746233 (D.N.J. Nov. 16, 2010) ................................................................9

*Catanese v. Unilever*,
   774 F. Supp. 2d 684 (D.N.J. 2011) ...........................................................3, 4, 6, 8, 9

*Chavez v. Dole Food Co., Inc.*,
   836 F.3d 205 (3d Cir. 2016)..................................................................................2, 6, 10

*E.E.O.C. v. Univ. of Pennsylvania*,
   850 F.2d 969 (3d Cir. 1988)..................................................................................4, 5, 9

*Employees' Ret. Sys. of City of St. Petersburg, Fla. v. Teva Pharm. Indus. Ltd.*,
   2019 WL 5485549 (E.D. Pa. Oct. 8, 2019)...............................................................7

*Franceski v. Freedom Mortg. Corp.*,
   2019 WL 2636740 (D.N.J. June 27, 2019)..............................................................7

*Hall v. Welch Foods, Inc.*,
   2017 WL 4422418 (D.N.J. Oct. 5, 2017).................................................................4, 8

*Jumara v. State Farm Ins. Co.*,
   55 F.3d 873 (3d Cir. 1995)......................................................................................8, 10

*Kowalski v. YellowPages.com, LLC*,
   2010 WL 3323749 (D.N.J. Aug. 18, 2010) .............................................................9

*MacLean v. Wipro Ltd.*,
   2020 WL 7090746 (D.N.J. Dec. 4, 2020)................................................................2

*RB Restoration, Inc. v. Mosaic, Terrazzo & Chem. Prod. Decorative Finisher Masons Workers Ass'n Loc. No. 7 of New York & Vicinity of Int'l Union of Bricklayers & Allied Craftworkers*,
   2022 WL 557852 (D.N.J. Feb. 24, 2022) ................................................................7, 8

*Santomenno v. Transamerica Life Ins. Co.*,
   2012 WL 1113615 (D.N.J. Mar. 30, 2012)..............................................................9

*Thompson v. Glob. Mktg. Rsch. Servs., Inc.*,
   2016 WL 233702 (E.D. Pa. Jan. 20, 2016)..............................................................4, 9

*Violet Pot, LLC v. Lowe's Companies, Inc.*,
   2007 WL 894187 (D.N.J. Mar. 20, 2007)................................................................5

## TABLE OF AUTHORITIES
**(continued)**

Page(s)

*Worthington v. Bayer Healthcare, LLC*,
    2012 WL 1079716 (D.N.J. Mar. 30, 2012)......................................................................3, 4, 5

**Statutes**

28 U.S.C. § 1404...............................................................................................................1, 6, 7, 8

## I.   INTRODUCTION

Owen concedes that he and the plaintiffs in *Horti v. Nestlé Healthcare Nutrition, Inc.*, No. 4:21-cv-09812 (N.D. Cal.), "essentially allege" the same thing. Opp. at 2. Owen also admits that the *Horti* plaintiffs filed their complaint nearly five months before he filed this action. *Id.* at 3–4. Nevertheless, Owen insists the first-filed rule does not apply because there are supposedly "key differences" between his case and *Horti*. *Id.* at 1. But the *only* differences Owen identifies are that his claims involve different state law and that his putative nationwide class is broader than the class in *Horti*. *See id.* at 6–7. As several courts have held, neither difference is a valid reason for avoiding application of the first-filed rule. Mot. at 6–9. Owen offers no persuasive reason why this Court should depart from the line of authority—or common sense—that warrants transfer to avoid duplication of effort, prevent a waste of resources, and eliminate the potential for conflicting rulings regarding the same legal theories impacting overlapping putative class members.

Faced with this straightforward application of the first-filed rule, Owen attempts to pivot by raising arguments under 28 U.S.C. § 1404(a). As the cases make clear, the section 1404(a) analysis is a separate consideration from the first-filed rule, and a court may transfer a case under the first-filed rule without considering the traditional section 1404(a) factors. But even if the Court were to consider the section 1404(a) argument, the answer would be the same. This nationwide class action could have been brought in the Northern District of California, and all of the section 1404(a) factors weigh in favor of transfer to the first-filed district. Owen's arguments to the contrary would render the first-filed rule a nullity by allowing duplicative class actions to proceed in different courts so long as the second (and third, and fourth) filers come up with creative ways to gerrymander the putative class.

Owen's claims largely parrot the *Horti* complaint, advance the same theories, and are brought on behalf of overlapping classes. There is no reason for the cases to proceed separately, and Owen's claims should be transferred to the Northern District of California to be decided alongside the first-filed *Horti* action. In the alternative, if this Court declines to transfer, Nestlé requests that the Court stay this case pending final resolution of *Horti*.

## II.     ARGUMENT

### A. The First-Filed Rule Applies.

Under the first-filed rule, "when duplicative lawsuits are filed successively in two different federal courts, the court where the action was filed first has priority." *Chavez v. Dole Food Co., Inc.*, 836 F.3d 205, 210 (3d Cir. 2016). To determine whether the first-filed rule applies, courts look to "the chronology of the actions," as well as whether the actions involve overlapping "subject matter," "issues," "claims," and "parties." *MacLean v. Wipro Ltd.*, 2020 WL 7090746, at *5 (D.N.J. Dec. 4, 2020). Each of these factors weighs in favor of application of the first-filed rule in this case.

*First*, Owen does not dispute that the chronology of the actions supports application of the first-filed rule. The *Horti* plaintiffs filed their complaint nearly five months before Owen filed his complaint, the *Horti* court has granted Nestlé's first motion to dismiss, and the parties have already begun briefing a second motion to dismiss. Opp. at 2–4; Mot. at 2–3. Owen tries to minimize these facts by pointing out that the parties in *Horti* have not yet engaged in any discovery and the court's involvement has been limited to ruling on Nestlé's first motion to dismiss. Opp. at 4. But if anything, those facts weigh in favor of transfer, as they suggest that Owen's complaint and the third amended *Horti* complaint could be resolved together on the pleadings. And if the cases are not resolved on a motion to dismiss, then it makes most sense for them to proceed to discovery together, with one set of requests pending before one Court.

2

*Second*, the shared subject matter and issues in the two cases weigh in favor of applying the first-filed rule.  As Owen concedes, he and the *Horti* plaintiffs "essentially allege" the same theories relating to Nestlé's BOOST Glucose Control drink labels.  Opp. at 2.  Nor could Owen contend otherwise; his complaint contains many allegations that are identical or nearly identical to those in the *Horti* complaint.  *See* Mot. at 4–5.  Accordingly, the shared subject matter in the two complaints—"the most important consideration in a first-filed rule analysis," *Catanese v. Unilever*, 774 F. Supp. 2d 684, 687 (D.N.J. 2011)—weighs in favor of applying the first-filed rule.

*Third*, similarity between the legal claims supports application of the first-filed rule.  When examining the similarity between legal claims, the claims and allegations need not be literally identical; rather, "overlapping subject matter is the key." *Catanese*, 774 F. Supp. 2d at 689.  Owen admits as much, noting that both actions "essentially allege that the labeling on [Nestlé's] BOOST Glucose Control product line is false and misleading."  Opp. at 2.  And both the *Horti* complaint and Owen's complaint assert claims for breach of consumer-protection laws and unjust enrichment based on these same factual allegations.  Mot. at 6–7.[1]  These mirror-image claims confirm that the two actions concern overlapping subject matter.

Despite the similar subject matter and legal theories, Owen says the claims in the two cases are different because the *Horti* plaintiffs' claims arise under California law while his arise under New Jersey law.  Opp. at 6–7.  But courts in this District have repeatedly rejected plaintiffs' attempts to dodge application of the first-filed rule simply because the second-filed complaint raises claims that "are brought under different state laws." *Worthington v. Bayer Healthcare, LLC*,

---

[1] Like Owen, the *Horti* plaintiffs also initially brought a claim for breach of warranty.  *See* No. 4:21-cv-09812, Dkt. 11 (Feb. 4, 2022) ¶¶ 149–60.  That claim was dropped following the court's dismissal of the second amended complaint.  The mere fact that the *Horti* plaintiffs made a strategic choice to abandon one of their claims, however, does not mean these two actions deal with distinct subject matter.

3

2012 WL 1079716, at *6 (D.N.J. Mar. 30, 2012); *see also Hall v. Welch Foods, Inc.*, 2017 WL 4422418, at *5 (D.N.J. Oct. 5, 2017); *Catanese*, 774 F. Supp. 2d at 689. Owen does not address, let alone distinguish, any of these cases, all of which were discussed in Nestlé's motion. Mot at 6–7. Regardless of what state law is at issue, the *Horti* court's ruling bears directly on this case because it addresses the question whether Nestlé's product labels are deceptive—the key element for all of Owen's claims, *see* Compl. ¶¶ 43–73. While laws in California and New Jersey may differ somewhat, Nestlé's product labels do not become any more or less deceptive when they cross state lines.

*Fourth*, there is "sufficient overlap of the parties and classes" between *Horti* and this case to warrant application of the first-filed rule. *Worthington*, 2012 WL 1079716, at *6. Here, Owen seeks to represent a nationwide class of all consumers who purchased BOOST Glucose Control nutritional drinks. Compl. ¶ 34. Owen argues that his putative class is "far broader" than the putative class that the *Horti* plaintiffs seek to represent (Opp. at 4), but that does not weigh against transfer because his nationwide class would necessarily include all of the California and New York putative class members in *Horti*. Other courts in this District have applied the first-filed rule where, as here, a "putative nationwide class . . . encompasses" a smaller class of plaintiffs asserting similar claims in another action. *Hall*, 2017 WL 4422418, at *5. And some courts in the Third Circuit have gone further, applying the first-filed rule where there is *no* overlap between classes so long as "the subject matter of the two cases is substantially the same." *Thompson v. Glob. Mktg. Rsch. Servs., Inc.*, 2016 WL 233702, at *3 (E.D. Pa. Jan. 20, 2016). Again, Owen does not attempt to distinguish these cases, which make clear that he cannot avoid application of the first-filed rule simply because he pleaded a broader class than the plaintiffs did in *Horti*.

4

*Fifth*, none of the "rare" exceptions "justifying departure from the first-filed rule" are present in this case. *E.E.O.C. v. Univ. of Pennsylvania*, 850 F.2d 969, 972 (3d Cir. 1988). Owen suggests that Nestlé somehow engaged in "forum shopping," but the suggestion is amusing: Nestlé did not choose to be sued in California first, nearly five months before Owen's counsel decided to file this action. *See* Opp. at 7–9. Owen's counsel's decision to bring this case in New Jersey while knowing that an action had been pending in California, and opposing the most efficient course of action to have both cases heard in the same place, demonstrates that Owen's suggestion of forum-shopping is misplaced. There is an exception to the first-filed rule for forum shopping, but this case isn't it. The forum shopping exception "targets a situation where the defendant, who knows it will be sued, acts quickly and files a declaratory judgment action in a favorable forum." *Worthington*, 2012 WL 1079716, at *8. The exception does not apply where, as here, another plaintiff filed the first action. *Id.* "It cannot be said . . . that [Nestlé] chose to be sued in California" rather than New Jersey, so Owen's accusation of forum shopping does not prevent application of the first-filed rule. *Id.*[2]

Finally, Owen argues that transfer should be denied because application of the first-filed rule is purely discretionary. Opp. at 4–5. This, again, supports transfer because there is good reason for the Court to exercise its discretion to avoid inefficiency, conserve judicial resources, and have this case proceed along with an identical litigation that is more procedurally advanced. Moreover, the Third Circuit has made clear that "invocation of the rule will usually be the norm, not the exception" and courts "must be presented with exceptional circumstances before exercising their discretion to depart from the first-filed rule." *E.E.O.C.*, 850 F.2d at 979. "The party opposing

---

[2] Contrary to Owen's suggestion (Opp. at 8–9), the timing of Nestlé's motion does not change this conclusion. Nestlé filed its request for a pre-motion conference four weeks before its responsive pleading deadline. Dkt. 9, 10.

5

the application of the first-filed rule has the burden of showing that special circumstances should bar its application." *Violet Pot, LLC v. Lowe's Companies, Inc.*, 2007 WL 894187, at *3 (D.N.J. Mar. 20, 2007). Owen has shown no special circumstances that would justify departure from the rule.

In sum, all of the factors weigh in favor of transfer. Owen has conceded that his copycat complaint "essentially alleges" the same thing as the first-filed action, Opp. at 2, which is "the most important consideration in a first-filed rule analysis," *Catanese*, 774 F. Supp. 2d at 687. All of Owen's attempts to raise technicalities fall flat, and have been rejected by the cases Nestlé cited—cases the opposition ignores. In the interests of fairness and judicial economy, this Court should apply the first-filed rule and transfer this action to the Northern District of California.

**B. Transfer Is the Most Appropriate Remedy in This Case.**

"If a second-filed court decides to invoke the [first-filed] rule, it . . . has the discretion to decide whether to stay, transfer, or dismiss the case before it." *Chavez*, 836 F.3d at 210. Transfer to the Northern District of California is the most appropriate remedy here because it would avoid needless inefficiencies and the risk of inconsistent judgments by consolidating Owen's claims with the nearly identical claims at issue in *Horti*. *See* Mot. at 11–12.

Owen contends that transfer is inappropriate because the requirements for transfer under 28 U.S.C. 1404(a) are not satisfied. Section 1404(a) is a separate analysis, and its requirements are independent from the considerations under first-filed rule—a test that has been satisfied for the reasons articulated above. Owen cannot avoid transfer by pointing to a different legal test. Even if the Court were to consider the requirements of section 1404(a) for the sake of argument, they all would be easily satisfied because this nationwide class action could have been brought in the

6

Northern District of California, and because public and private interests weigh heavily in favor of transfer.

*First*, while some courts have considered transfer under both the first-filed rule and section 1404(a) (Opp. at 9–10), more recent cases from courts in this District make clear that "the Court need not consider the propriety of transfer under the applicable [section 1404(a)] factors" when transferring under the first-filed rule. *RB Restoration, Inc. v. Mosaic, Terrazzo & Chem. Prod. Decorative Finisher Masons Workers Ass'n Loc. No. 7 of New York & Vicinity of Int'l Union of Bricklayers & Allied Craftworkers*, 2022 WL 557852, at *7 (D.N.J. Feb. 24, 2022). That is so because "courts in the Third Circuit have consistently held that a finding that the first-filed rule is applicable *alone* is sufficient to support transfer." *Franceski v. Freedom Mortg. Corp.*, 2019 WL 2636740, at *5 (D.N.J. June 27, 2019) (emphasis added); *see also Employees' Ret. Sys. of City of St. Petersburg, Fla. v. Teva Pharm. Indus. Ltd.*, 2019 WL 5485549, at *6 (E.D. Pa. Oct. 8, 2019) (finding that "transfer is proper under the first-filed rule" and considering section 1404(a) only "[i]n the alternative"). This Court may transfer based on of the first-filed rule alone without considering the requirements of section 1404(a).

*Second*, even if section 1404(a) did apply, it would permit transfer of this nationwide class action to the Northern District of California. Notwithstanding Owen's characterization of his complaint as one brought by "a New Jersey resident who has brought a cause of action . . . based on facts that arose in New Jersey," Opp. at 11, he does not bring an individual action about a local controversy. Instead, he seeks to bring *all* domestic sales of BOOST drinks into question, and seeks to represent "all persons in the United States" who bought BOOST Glucose Control nutritional drinks, Compl. ¶ 34. This kind of nationwide class action could have been brought in California, as reflected by the fact that *Horti* was first filed there. The mere fact that Owen lives

in New Jersey does not weigh against transfer when the claims he seeks to bring are based on nationwide allegations.

Owen's argument would only encourage creative pleading, and would render the first-filed rule a nullity. Under Owen's interpretation, a court could not transfer a nationwide class action under the first-filed rule unless the class representative could have brought *individual* claims in the transferee court. *See* Opp. at 11. This would allow plaintiffs to bring copycat complaints and avoid transfer simply by pleading a class with a representative who could not bring individual claims in the same court as the first-filed action. This interpretation is not only illogical, it directly conflicts with *Hall*, where the court transferred to New York a class action brought by a New Jersey resident against a New Jersey company based on purchases made in New Jersey. 2017 WL 4422418, at *1. If the Court adopted Owen's theory, the transfer in *Hall* would have been impossible, and "the purpose of the [first-filed] rule would be defeated. There would be nothing to stop plaintiffs in all 50 states from filing separate nationwide class actions based upon their own state's law." *Catanese*, 774 F. Supp. 2d at 689. This Court shouldn't sanction such an end run around the first-filed rule.

Finally, all of the factors considered in the section 1404 transfer analysis are satisfied. To determine whether transfer is appropriate under section 1404, a court must consider "all relevant factors," including both private and public interests. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879–80 (3d Cir. 1995).

The private interests weigh in favor of transfer here. While Owen leans heavily on his own choice of forum, *see* Opp. at 13, "that choice is entitled to essentially no deference in this case because of the first filed [*Horti*] Action." *RB Restoration*, 2022 WL 557852, at *7. Put simply, Owen's forum preferences bear no weight given that he didn't file until nearly five months after

8

the *Horti* plaintiffs. Even in the absence of a first-filed action, Owen's forum choice in a nationwide class action still would be "accorded less deference because the potential members of the class will likely be scattered across the United States." *Santomenno v. Transamerica Life Ins. Co.*, 2012 WL 1113615, at *5 (D.N.J. Mar. 30, 2012); *see also Kowalski v. YellowPages.com, LLC*, 2010 WL 3323749, at *9 (D.N.J. Aug. 18, 2010) ("Courts have consistently held that the weight accorded to a plaintiff's choice of forum is considerably reduced in class actions."). By contrast, Nestlé has a substantial and legitimate interest in consolidating Owen's copycat claims with the ongoing *Horti* litigation.

Nor does Owen's argument regarding the "location of books" hold up to scrutiny. Opp. at 14. Owen's "involvement is limited to purchasing" the BOOST drinks, and he "will have little, if any, documentary evidence to contribute." *Catanese*, 774 F. Supp. 2d at 690. With respect to Nestlé, like most companies, many of its records are kept in electronic format, and there is no physical location where discovery "of books" will take place. It would be inefficient to require Nestlé "to defend identical actions on opposite ends of the country," which will cause "duplication of a large amount of discovery and documentary evidence." *Id.*

Public factors similarly weigh in favor of transfer. There is a "strong policy favoring the litigation of related claims before the same tribunal." *Thompson*, 2016 WL 233702, at *5; *Am. Inst. for History Educ., LLC v. E–Learning Sys. Int'l LLC*, 2010 WL 4746233, at *3 (D.N.J. Nov. 16, 2010) ("Courts in this Circuit have frequently held that the pendency of a related or similar case in another forum is a powerful reason to grant a motion for a change of venue."). Transfer of Owen's complaint would "avoid burdening the federal judiciary and . . . prevent the judicial embarrassment of conflicting judgments" by allowing the Northern District of California to simultaneously consider both the first-filed *Horti* complaint as well as Owen's nearly identical

claims. *E.E.O.C.*, 850 F.2d at 977. Transfer would also make resolution of this case "expeditious" given that the *Horti* court has already heard argument and decided key issues related to the alleged deceptiveness of the BOOST Glucose Control drink labels. *Jumara*, 55 F.3d at 879. Thus, whether or not this Court applies the section 1404(a) factors, transfer is the most appropriate remedy here.

**C. In the Alternative, the Court Should Stay This Action.**

If the Court does not transfer this action, Nestlé requests that the Court stay this case pending final resolution of *Horti*. A stay would "avoid wasted judicial efforts, conflicting judgments, and unnecessary friction between courts." *Chavez*, 836 F.3d at 220. The Northern District of California has already considered the merits of claims almost identical to Owen's and will soon be considering Nestlé's second motion to dismiss. There is no reason for this Court to rush to reach a potentially conflicting decision.

Staying this action would not harm Owen, whose claims would be preserved in this Court—a fact Owen does not dispute in his opposition. *See* Opp. at 15–16. But denying a stay would harm Nestlé, as it would be required to litigate duplicative lawsuits in two different courts and face potentially conflicting rulings regarding the same product labels and same putative class members. Accordingly, if the Court declines to transfer these proceedings, it should enter a stay.

### III.   CONCLUSION

Nestlé respectfully requests that the Court transfer this action to the Northern District of California or, in the alternative, stay this action pending final resolution of the *Horti* action.

DATE:  August 30, 2022                    Respectfully submitted,
                                          GIBSON, DUNN & CRUTCHER LLP

                                          By:  s/ Stephanie L. Silvano
                                               STEPHANIE L. SILVANO
                                                (SBN168182016)

10

ssilvano@gibsondunn.com
200 Park Avenue, 47th Floor
New York, NY 10166-0193
Tel: 212.351.4000

TIMOTHY W. LOOSE
  (*pro hac vice pending*)
  tloose@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel:  213.229.7746

11